

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE, SR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4014 | **DATE** | 6/7/2013 |
| **CASE TITLE** | Luis Karlos Velazquez (#R-32435) vs. Tom Dart | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $32.43 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Robinson Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that, the defendant, the Cook County Sheriff, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that he spent time in an essentially "abandoned" and "condemned" building that lacked heat, was dirty, and was infested with rats and cockroaches.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $32.43. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District

**(CONTINUED)**

mjm

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the plaintiff must submit an amended complaint, as the document on file fails to state a claim of constitutional magnitude. This is one of many complaints filed by detainees who have been housed for short periods in "Division 3" at the Cook County Jail and there seems to be a myth circulating at the jail that inmates who are assigned to Division 3 are entitled to collect damages in federal court because the building is "abandoned" or "condemned." But these labels do not establish a constitutional claim.

Certainly, incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). The Due Process Clause prohibits conditions that amount to "punishment" of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). Nevertheless, punishment in the constitutional sense requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Granville v. Dart*, No. 09 C 2070, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). "Punishment" generally requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Johnson v. Bryant*, No. 11 C 5785, 2011 WL 5118415, *2 (N.D. Ill. Oct. 26, 2011) (Holderman, J.).

Here, the complaint fails to state a plausible claim that the plaintiff has been deprived of conditions that satisfy basic human needs. Even though the conditions described are unfortunate and unacceptable, the court discerns no viable constitutional claim. To begin, the claims are literally inconsistent. The building cannot both be "abandoned" and occupied by detainees. Furthermore, the court questions whether a lack of heat in June would have left the jail unconstitutionally cold. In addition, while some of the conditions described could, in theory, rise to the level of a constitutional claim, the complaint lacks allegations that would make such a claim colorable. The complaint states that the building was dirty and "unlivable," for example, but he does not provide sufficient facts to suggest that his basic needs were not met. Furthermore, the plaintiff has provided no date other than "in June of 2012." The time the plaintiff spent under the challenged conditions would have some bearing on whether he has a viable constitutional claim.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form, if he believes he can articulate a constitutional violation. The amended complaint should include the relevant time frame. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.
**(CONTINUED)**

## STATEMENT (continued)

Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.